1
2
3
4

LAW OFFICES OF DALE K. GALIPO
    Dale K. Galipo, Esq. (Bar No. 144074)
    dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

5
6
7
8

LAW OFFICE OF JOHN C. FATTAHI
    John C. Fattahi, Esq. (Bar No. 247625)
    jfattahi@gmail.com
1301 West Glenoaks Boulevard
Glendale, California  91201
Telephone:   (818) 839-1983
Facsimile:    (818) 561-3600

9   *Attorneys for Plaintiff Stephany Borges*

10

11               UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13 STEPHANY BORGES, individually 14 and as successor-in-interest to Daren Borges, 15               Plaintiff, 16 17      vs. 18 CITY OF EUREKA; MICHAEL STELZIG; BRYAN FRANCO; 19 DRAKE GOODALE; COUNTY OF HUMBOLDT; SHERIFF MICHAEL 20 DOWNEY; TIM HERSHBERGER; TERRI BITTNER; NANCY CORRAL; 21 TIM HAMMER; LEO BASLER; JOSHUA CARDELL; KRISTINA 22 LEWIS; ROSELIE FREIXAS; MICHAEL MENDIBURU; 23 CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED, a 24 California Corporation; and DOES 1-10, inclusive, 25 26               Defendants. 27 | Case No. **COMPLAINT FOR DAMAGES** 1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983) 2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983) 3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983) 4. Due Process—Denial of Medical Care (42 U.S.C. § 1983) 5. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983) 6. Municipal and Supervisorial Liability (42 U.S.C. § 1983) 7. Failure to Provide Reasonable Accommodations—Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 (42 U.S.C. § 12132 and 29 U.S.C. § 794) *(continued on next page)* |

28

8. Battery (Survival/Wrongful Death)
9. Negligence (Survival/Wrongful Death)
10. Professional Negligence—Medical Malpractice (Survival/Wrongful Death)
11. Failure to Summon Medical Care (CAL. GOVT. CODE § 845.6) (Survival/Wrongful Death)
12. False Arrest/False Imprisonment (Survival/Wrongful Death)
13. Violation of Bane Act (CAL. CIV. CODE § 52.1)

**DEMAND FOR JURY TRIAL**

## COMPLAINT

COME NOW, Plaintiff Stephany Borges, for her complaint against Defendants City of Eureka; Michael Stelzig; Bryan Franco; Drake Goodale; County of Humboldt; Sheriff Michael Downey; Tim Hershberger; Terri Bittner; Nancy Corral; Tim Hammer; Leo Basler; Joshua Cardell; Kristina Lewis; Roselie Freixas; Michael Mendiburu; California Forensic Medical Group, Incorporated; and Does 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the in-custody death of the decedent, Daren Borges.

## PARTIES

4.      At all relevant times, the decedent Daren Borges ("Decedent") was an individual residing in the County of Humboldt, California.

5.      Plaintiff STEPHANY BORGES is an individual residing in the State of New Mexico, and is the natural mother of Decedent.  Plaintiff sues both in her individual capacity as the mother of Decedent and as a successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.60.  Plaintiff seeks both survival damages and wrongful death damages under federal and state law.

6.      At all relevant times, Defendant CITY OF EUREKA ("CITY") is and was a municipal corporation existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants MICHAEL STELZIG ("STELZIG"), BRYAN FRANCO ("FRANCO"), and DRAKE GOODALE ("GOODALE") (collectively, "CITY POLICE OFFICERS").  On information and belief, at all relevant times, CITY POLICE OFFICERS were residents of the County of Humboldt, California.  CITY POLICE OFFICERS are sued in their individual capacity.

7.      At all relevant times, CITY POLICE OFFICERS were duly authorized employees and agents of CITY, who were acting under color of law within the

-3-

COMPLAINT

course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

8.     At all relevant times, CITY POLICE OFFICERS were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

9.     In doing the acts and failing and omitting to act as hereinafter described, CITY POLICE OFFICERS were acting on the implied and actual permission and consent of CITY.

10.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

11.     Plaintiff filed a comprehensive and timely claim for damages with CITY pursuant to applicable sections of the California Government Code on October 22, 2014.  CITY gave notice of its rejection of the claim on November 13, 2014.

12.     At all relevant times, Defendant COUNTY OF HUMBOLDT ("COUNTY") is and was a municipal corporation existing under the laws of the State of California.  At all relevant times, COUNTY was the employer of Defendants SHERIFF MICHAEL DOWNEY ("DOWNEY"); TIM HERSHBERGER ("HERSHBERGER"); TERRI BITTNER ("BITTNER"); NANCY CORRAL ("CORRAL"); TIM HAMMER ("HAMMER"); LEO BASLER ("BASLER"); JOSHUA CARDELL ("CARDELL"); KRISTINA LEWIS ("LEWIS"); ROSELIE FREIXAS ("FREIXAS"); MICHAEL MENDIBURU ("MENDIBURU") (collectively except for DOWNEY, "COUNTY CORRECTIONAL OFFICERS").  On information and belief, at all relevant times, DOWNEY and COUNTY CORRECTIONAL OFFICERS were residents of the County of Humboldt, California.  DOWNEY and COUNTY CORRECTIONAL OFFICERS are sued in their individual capacity.

COMPLAINT

13.    At all relevant times, DOWNEY and COUNTY CORRECTIONAL OFFICERS were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as correctional officers and/or law enforcement officers and with the complete authority and ratification of their principal, Defendant COUNTY.

14.    At all relevant times, DOWNEY and COUNTY CORRECTIONAL OFFICERS were duly appointed officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

15.    In doing the acts and failing and omitting to act as hereinafter described, DOWNEY and COUNTY CORRECTIONAL OFFICERS were acting on the implied and actual permission and consent of COUNTY.

16.    At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

17.    Plaintiff filed a comprehensive and timely claim for damages with COUNTY pursuant to applicable sections of the California Government Code on October 22, 2014.  COUNTY failed or refused to act within 45 days after the claims were presented, and therefore the claims were rejected by operation of law pursuant to Government Code section 912.4(c).  COUNTY did not give written notice of the rejection in accordance with section 913, and therefore Plaintiff's state law claims may be brought within two years from accrual, pursuant to section 945.6(a)(2).

18.    At all relevant times, Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INCORPORATED ("CFMG") is and was a corporation authorized to do business and doing business in the County of Humboldt, State of California, as a contract medical service provider to Defendant COUNTY.

19.     At all relevant times, CFMG was the employer of Defendants DOES 1-10.  On information and belief, at all relevant times, DOES 1-10 were residents of the County of Humboldt, California.  DOES 1-10 are sued in their individual capacity.

20.     At all relevant times, DOES 1-10 were duly authorized employees and agents of CFMG, who were acting under color of law within the course and scope of their respective duties as contracted correctional medical providers and with the complete authority and ratification of their principal, Defendant CFMG.

21.     In doing the acts and failing and omitting to act as hereinafter described, DOES 1-10 were acting on the implied and actual permission and consent of CFMG.

22.     At all times mentioned herein, each and every CFMG defendant was the agent of each and every other CFMG defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CFMG defendant.

23.     The true names of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained.  Each of the fictitiously-named defendants is responsible in some manner for the conduct or liabilities alleged herein.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.     At all relevant times, Decedent had been diagnosed with a hearing impairment and with schizophrenia.

COMPLAINT

26.     At approximately 2:00 pm on June 13, 2014, Decedent was experiencing a medical and psychological emergency in the area of 7th Street and D Street in Eureka, California.

27.     Instead of obtaining necessary medical and psychological care for Decedent, CITY POLICE OFFICERS forcefully detained and arrested Decedent for an alleged violation of California Penal Code § 647(f), misdemeanor public intoxication.

28.     On information and belief, Decedent had not committed any crime. CITY POLICE OFFICERS had neither reasonable suspicion to detain Decedent nor probable cause to arrest him.  Decedent was not resisting arrest and posed no immediate threat to the officers or third parties.

29.     Instead of taking Decedent to the emergency room, CITY POLICE OFFICERS transported Decedent to the Humboldt County Correctional Facility ("HCCF").

30.     Even though he was still obviously experiencing a medical and psychiatric emergency, COUNTY CORRECTIONAL OFFICERS and DOES 1-10 failed to adequately screen or monitor Decedent, and failed to either summon or provide adequate medical assistance for him.  Instead, Defendants locked Decedent in a "sobering cell" and continued to ignore his deteriorating condition.

31.     At approximately 4:00 pm, after Decedent had lost consciousness and died in the cell, someone decided to request medical attention for him.

32.     As a result of Defendants' conduct, Decedent experienced profound pain and suffering, emotional distress, and mental anguish, and incurred medical expenses.  As a result of Defendants' conduct, Decedent ultimately lost his life and the enjoyment of his life.

33.     As a result of Defendants' conduct, Plaintiff lost Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and support,

1  experienced emotional distress and mental anguish, and incurred funeral and burial

2  expenses.

3

4  ### FIRST CLAIM FOR RELIEF

5  **Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

6  **(Against CITY POLICE OFFICERS)**

7  34.  Plaintiff repeats and realleges each and every allegation in paragraphs 1

8  through 33 of this Complaint with the same force and effect as if fully set forth

9  herein.

10  35.  CITY POLICE OFFICERS caused Decedent to be detained and

11  arrested in violation of his right to be secure in his person against unreasonable

12  searches and seizures as guaranteed to him under the Fourth Amendment to the

13  United States Constitution and applied to state actors by the Fourteenth Amendment.

14  These defendants detained Decedent without reasonable articulable suspicion,

15  arrested him without a warrant or probable cause, and seized him in an unreasonable

16  manner.

17  36.  As a result of the conduct of CITY POLICE OFFICERS they are liable

18  for Decedent's injuries, either because they were integral participants in the

19  unreasonable detention and arrest, or because they failed to intervene to prevent

20  these violations.

21  37.  The conduct of CITY POLICE OFFICERS was willful, wanton,

22  malicious, and done with reckless disregard for Decedent's rights and safety, and

23  therefore warrants the imposition of exemplary and punitive damages.

24  38.  Plaintiff seeks survival damages under this claim as a successor-in-

25  interest to Decedent.  Plaintiff also seeks wrongful death damages under this claim

26  in her individual capacity.

27

28

COMPLAINT

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

**(Against CITY POLICE OFFICERS and COUNTY CORRECTIONAL**

**OFFICERS)**

39.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     The unreasonable use of force by CITY POLICE OFFICERS and COUNTY CORRECTIONAL OFFICERS, including but not limited to application of unreasonable restraint methods, deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.     All unreasonable seizures that preceded the use of force constituted reckless and intentional escalations of the situation which directly led to the use of force, therefore rendering CITY POLICE OFFICERS liable under an excessive escalation theory.

42.     CITY POLICE OFFICERS and COUNTY CORRECTIONAL OFFICERS are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

43.     As a result, Decedent suffered extreme pain and suffering, incurred medical expenses, and eventually lost his life and the enjoyment of his life.

44.     The conduct of CITY POLICE OFFICERS and COUNTY CORRECTIONAL OFFICERS was willful, wanton, malicious, and done with reckless disregard for Decedent's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

45.     Plaintiff seeks survival damages under this claim as a successor-in-interest to Decedent.  Plaintiff also seeks wrongful death damages under this claim in her individual capacity.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

**(Against CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10)**

46.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.     CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10 unreasonably denied and delayed medical assistance for Decedent.

48.     CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10 are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

49.     As a result, Decedent suffered extreme pain and suffering, incurred medical expenses, and eventually lost his life and the enjoyment of his life.

50.     The conduct of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for Decedent's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

51.     Plaintiff seeks survival damages under this claim as a successor-in-interest to Decedent.  Plaintiff also seeks wrongful death damages under this claim in her individual capacity.

**FOURTH CLAIM FOR RELIEF**

**Due Process—Denial of Medical Care (42 U.S.C. § 1983)**

**(Against CITY POLICE OFFICERS, COUNTY CORRECTIONAL**

**OFFICERS, and DOES 1-10)**

52.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53.     CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10 were recklessly and deliberately indifferent to Decedent's serious medical needs.

54.     CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10 violated Decedent's substantive due process liberty interest in reasonably nonrestrictive confinement conditions.  To the extent DOES 1-10 are qualified professionals, their conduct reflects conscious indifference amounting to gross negligence, and was not based upon professional judgment.

55.     As a result, Decedent suffered extreme pain and suffering, incurred medical expenses, and eventually lost his life and the enjoyment of his life.

56.     As a direct and proximate cause of the acts of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10, Plaintiff suffered emotional distress, mental anguish, and pain.  Plaintiff has also been deprived of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and support, and will continue to be so deprived for the remainder of her life.

57.     The conduct of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for Decedent's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

COMPLAINT

58.     Plaintiff seeks survival damages under this claim as a successor-in-interest to Decedent.  Plaintiff also seeks wrongful death damages under this claim in her individual capacity.

## FIFTH CLAIM FOR RELIEF

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

**(Against CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10)**

59.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

60.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in her familial relationship with her son, Decedent.

61.     As a result of the conduct of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10, Decedent lost his life.

62.     The aforementioned actions of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10, along with other undiscovered conduct, shocks the conscience, in that they acted with deliberate indifference to the constitutional rights and safety of Plaintiff and Decedent.

63.     Defendants CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10, acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with her familial relationship with her son, Decedent.

64.     As a direct and proximate cause of the acts of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10, Plaintiff

suffered emotional distress, mental anguish, and pain.  Plaintiff has also been deprived of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and support, and will continue to be so deprived for the remainder of her life.

65.    Plaintiff seeks wrongful death damages under this claim in her individual capacity.

66.    The conduct of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff, and therefore warrants the imposition of exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF

### Municipal and Supervisory Liability (42 U.S.C. § 1983)
### (Against CITY, COUNTY, and DOWNING)

67.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.    On and for some time prior to June 13, 2014 (and continuing to the present date), Defendants CITY, COUNTY, and DOWNING deprived Decedent and Plaintiff of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general, and of Decedent and Plaintiff, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official custom, policy, and practice of:

(a)    employing and retaining as police officers and other personnel, including CITY POLICE OFFICERS and COUNTY

1  CORRECTIONAL OFFICERS, who Defendants CITY,
2  COUNTY, and DOWNING at all times material herein knew or
3  reasonably should have known had dangerous propensities for
4  abusing their authority and for mistreating citizens by failing to
5  follow written CITY and COUNTY policies and constitutional
6  mandates regarding unreasonable seizures and denial of medical
7  care;

8  (b)  condoning and fostering unreasonable seizures by inadequately
9  supervising, training, controlling, assigning, and disciplining
10  CITY police officers and COUNTY correctional officers, and
11  other personnel, including CITY POLICE OFFICERS and
12  COUNTY CORRECTIONAL OFFICERS, who Defendants
13  CITY, COUNTY, and DOWNING each knew or in the exercise
14  of reasonable care should have known had the aforementioned
15  propensities and character traits;

16  (c)  maintaining grossly inadequate procedures for reporting,
17  supervising, investigating, reviewing, disciplining and
18  controlling the intentional misconduct by Defendants CITY
19  POLICE OFFICERS and COUNTY CORRECTIONAL
20  OFFICERS, who are CITY police officers and COUNTY
21  correctional officers;

22  (d)  failing to adequately train officers regarding conducting
23  reasonable seizures and screening and monitoring inmates'
24  medical needs, including Defendants CITY POLICE OFFICERS
25  and COUNTY CORRECTIONAL OFFICERS, and failing to
26  institute and enforce appropriate policies, procedures, and
27  practices; and

28

-14-

(e)     detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force, and denying and delaying medical care, which also is demonstrated by inadequate training and ratification regarding these subjects.

69.     Defendants CITY, COUNTY, and DOWNING, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  For example, on August 9, 2007, Martin Cotton was forcefully arrested by CITY police officers and died in a sobering cell at HCCF under shockingly similar circumstances.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent and Plaintiffs, and other individuals similarly situated.

70.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, COUNTY, and DOWNING acted with an intentional, reckless, and callous disregard for the safety and constitutional rights of Decedent and Plaintiff.  Defendants CITY, COUNTY, and DOWNING and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

71.     By reason of the aforementioned policies and practices of Defendants CITY, COUNTY, and DOWNING, Decedent and Plaintiff suffered serious injuries and other harm.

72.     The policies, practices, and customs implemented and maintained and still tolerated by CITY, COUNTY, and DOWNING were affirmatively linked to and were a significantly influential force behind the injuries of Decedent and Plaintiff.

-15-

73.     The conduct of DOWNING was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling Decedent and Plaintiff to an award of exemplary and punitive damages.

74.     Plaintiff seeks wrongful death damages under this claim in her individual capacity.  Plaintiff also seeks survival damages under this claim as a successor-in-interest to Decedent.


**SEVENTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodations—Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973 (42 U.S.C. § 12132 and 29 U.S.C. § 794)**

**(Against CITY, COUNTY, and CFMG)**

75.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.     At all relevant times, CITY, COUNTY, and CFMG had an obligation under federal law to provide persons with disabilities with an equal opportunity to benefit from all of its programs, services, and activities.

77.     Defendants failed to reasonably accommodate Decedent's disabilities, including hearing impairment, schizophrenia, and possibly drug addiction.  Such failure to provide reasonable accommodations included but was not limited to:

a.     Failing to establish proper policies and procedures dealing with how to handle persons with these disabilities;

b.     Failing to establish proper training for officers and other employees on how to handle persons with these disabilities; and

c.     Failing to provide sign language interpreters to assist in communicating with arrestees during booking and medical screening/treatment;

78.   Defendants acted with deliberate indifference to a strong likelihood that Decedent's federal rights would be violated.

79.   As a result, Decedent suffered extreme pain and suffering, incurred medical expenses, and eventually lost his life and the enjoyment of his life.

80.   As a result, Plaintiff suffered emotional distress, mental anguish, and pain.  Plaintiff has also been deprived of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and support, and will continue to be so deprived for the remainder of her life.

81.   Plaintiff seeks survival damages under this claim as a successor-in-interest to Decedent.  Plaintiff also seeks wrongful death damages under this claim in her individual capacity.

## EIGHTH CLAIM FOR RELIEF

### Battery (Survival and Wrongful Death)

### (Against CITY and CITY POLICE OFFICERS)

82.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.   CITY POLICE OFFICERS, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used force against Decedent, including but not limited to unreasonable restraint methods.  CITY POLICE OFFICERS had no legal justification for using force against Decedent, and their use of force while carrying out their police duties was unreasonable.

84.   Decedent suffered harm and died, and Plaintiff suffered harm, as a direct and proximate result of the conduct of CITY POLICE OFFICERS as alleged above.

COMPLAINT

85.   CITY is vicariously liable for the wrongful acts of CITY POLICE OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.   The conduct of CITY POLICE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling Plaintiff to an award of exemplary and punitive damages.

87.   Plaintiff seeks wrongful death damages under this claim in her individual capacity.  Plaintiff also seeks survival damages under this claim as a successor-in-interest to Decedent.

### NINTH CLAIM FOR RELIEF

**Negligence (Survival and Wrongful Death)**

**(Against All Defendants)**

88.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as if fully set forth herein.

89.   The actions and inactions of CITY, COUNTY, and CFMG employees, including CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, DOWNEY, and DOES 1-10 were negligent and reckless, including but not limited to:

(a)   the failure to properly and adequately assess the need to detain, arrest, and use force against Decedent;

(b)   the failure to monitor and record any use of force by CITY Police Officers, including CITY POLICE OFFICERS;

-18-

      (c)     the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including CITY POLICE OFFICERS;

      (d)     the negligent tactics and handling of the incident;

      (e)     the negligent detention, arrest, and use of force against Decedent;

      (f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect Decedent's rights;

      (g)     the negligent hiring, retention, training, supervision, and discipline of their employees;

      (h)     the negligent handling of evidence and witnesses;

      (i)     the negligent screening, intake, assessment, classification, placement, and monitoring of Decedent; and

      (j)     the negligent communication of information during the incident.

90.     Decedent suffered harm and died, and Plaintiff suffered harm, as a direct and proximate result of Defendants' employees' conduct as alleged above.

91.     CITY and COUNTY are vicariously liable for the wrongful acts of their employees, including CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOWNEY, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.     CFMG is vicariously liable for the wrongful and injurious acts of its employees, including DOES 1-10, within the scope of their employment.

93.     The conduct of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, DOWNEY, and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of

COMPLAINT

1  Decedent and Plaintiff, entitling Plaintiff to an award of exemplary and punitive

2  damages.

3      94.    Plaintiff seeks wrongful death damages under this claim in her

4  individual capacity.  Plaintiff also seeks survival damages under this claim as a

5  successor-in-interest to Decedent.

6

7                    **TENTH CLAIM FOR RELIEF**

8  **Professional Negligence—Medical Malpractice (Survival and Wrongful Death)**

9                    **(Against CFMG and DOES 1-10)**

10     95.    Plaintiff repeats and realleges each and every allegation in paragraphs 1

11  through 94 of this Complaint with the same force and effect as if fully set forth

12  herein.

13     96.    DOES 1-10 negligently failed to exercise the proper degree of

14  knowledge, skill, and competence in examining, diagnosing, treating, and caring for

15  Decedent, including but not limited to:

16         (a)    the failure to conduct a proper medical assessment of Decedent;

17         (b)    the failure to summon immediate emergency medical assistance

18               for Decedent;

19         (c)    the assignment of Decedent to a sobering cell; and

20         (d)    the failure to adequately monitor and supervise Decedent and

21               COUNTY CORRECTIONAL OFFICERS' supervision of

22               Decedent.

23     97.    Decedent suffered harm and died, and Plaintiff suffered harm, as a

24  direct and proximate result of Defendants' employees' conduct as alleged above.

25     98.    CFMG is vicariously liable for the wrongful and injurious acts of its

26  employees, including DOES 1-10, within the scope of their employment.

27

28

99.   The conduct of DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent and Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

100.   Plaintiff seeks wrongful death damages under this claim in her individual capacity.  Plaintiff also seeks survival damages under this claim as a successor-in-interest to Decedent.

## ELEVENTH CLAIM FOR RELIEF

**Failure to Summon Medical Care (CAL. GOVT. CODE § 845.6) (Survival and Wrongful Death)**

**(Against CITY, COUNTY, CITY POLICE OFFICERS, and COUNTY CORRECTIONAL OFFICERS)**

101.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 100 of this Complaint with the same force and effect as if fully set forth herein.

102.   CITY POLICE OFFICERS and COUNTY CORRECTIONAL OFFICERS knew or had reason to know that Decedent was in need of immediate medical care and failed to take reasonable action to summon such medical care.

103.   Decedent suffered harm and died, and Plaintiff suffered harm, as a direct and proximate result of the conduct of CITY POLICE OFFICERS and COUNTY CORRECTIONAL OFFICERS as alleged above.

104.   CITY and COUNTY are vicariously liable for the wrongful acts of their employees, including CITY POLICE OFFICERS and COUNTY CORRECTIONAL OFFICERS, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

1       105.  The conduct of CITY POLICE OFFICERS and COUNTY

2   CORRECTIONAL OFFICERS was malicious, wanton, oppressive, and

3   accomplished with a conscious disregard for the rights of Decedent and Plaintiff,

4   entitling Plaintiff to an award of exemplary and punitive damages.

5       106.  Plaintiff seeks wrongful death damages under this claim in her

6   individual capacity.  Plaintiff also seeks survival damages under this claim as a

7   successor-in-interest to Decedent.

8

9   **TWELFTH CLAIM FOR RELIEF**

10  **False Arrest/False Imprisonment (Survival and Wrongful Death)**

11  **(Against CITY and CITY POLICE OFFICERS)**

12      107.  Plaintiff repeats and realleges each and every allegation in paragraphs 1

13  through 106 of this Complaint with the same force and effect as if fully set forth

14  herein.

15      108.  CITY POLICE OFFICERS, while working as Police Officers for the

16  CITY Police Department, and acting within the course and scope of their duties,

17  intentionally deprived Decedent of his freedom of movement by use of force, threats

18  of force, menace, fraud, deceit, and unreasonable duress.  CITY POLICE

19  OFFICERS detained and arrested Decedent without reasonable suspicion or

20  probable cause.

21      109.  Decedent did not knowingly or voluntarily consent.

22      110.  The conduct of CITY POLICE OFFICERS was a substantial factor in

23  causing Decedent's harm.

24      111.  CITY is vicariously liable for the wrongful acts of CITY POLICE

25  OFFICERS, pursuant to section 815.2 of the California Government Code, which

26  provides that a public entity is liable for the injuries caused by its employees within

27  the scope of the employment if the employee's act would subject him or her to

28  liability.

112.   The conduct of CITY POLICE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling Plaintiff to an award of exemplary and punitive damages.

113.   Plaintiff seeks wrongful death damages under this claim in her individual capacity.  Plaintiff also seeks survival damages under this claim as a successor-in-interest to Decedent.

## THIRTEENTH CLAIM FOR RELIEF

### Violation of Bane Act (CAL. CIV. CODE § 52.1)

### (Against All Defendants)

114.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 113 of this Complaint with the same force and effect as if fully set forth herein.

115.   CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, DOWNEY, and DOES 1-10 attempted to interfere with and interfered with the rights of Decedent and Plaintiff of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts;

116.   Decedent and Plaintiff reasonably believed that if they exercised their rights of free speech, free expression, free assembly, free association, due process, and to be free from unreasonable search and seizure, CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, DOWNEY, and DOES 1-10 would commit violence against them.

117.   CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, DOWNEY, and DOES 1-10 injured Decedent and Plaintiff to prevent them from exercising their rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against

them for having exercised their rights of free speech, free expression, free assembly, free association, due process, and to be free from unreasonable search and seizure.

118.    The conduct of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, DOWNEY, and DOES 1-10 was a substantial factor in causing harm to Decedent and Plaintiff.

119.    CITY and COUNTY are vicariously liable for the wrongful acts of their employees, including CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, and DOWNEY, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

120.    CFMG is vicariously liable for the wrongful and injurious acts of its employees, including DOES 1-10, within the scope of their employment.

121.    The conduct of CITY POLICE OFFICERS, COUNTY CORRECTIONAL OFFICERS, DOWNEY, and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent and Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

122.    Plaintiff seeks wrongful death damages under this claim in her individual capacity.  Plaintiff also seeks survival damages under this claim as a successor-in-interest to Decedent.


## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests entry of judgment in her favor and against Defendants as follows:

    A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;

1        B.     For funeral and burial expenses, and loss of financial support;

2        C.     For punitive damages in an amount to be proven at trial (against

3              the individual defendants only);

4        D.     For interest;

5        E.     For an award of reasonable attorneys' fees under federal and

6              state law, including a multiplier and litigation expenses;

7        F.     For costs of suit; and

8        G.     For any other equitable or legal relief that the Court deems just,

9              proper, and appropriate.

10  DATED:  February 25, 2015      LAW OFFICE OF DALE K. GALIPO

11

12                        By_____ /s/ Dale K. Galipo_____

13                          Dale K. Galipo
                            *Attorneys for Plaintiff Stephany Borges*

14

15  DATED:  February 25, 2015      LAW OFFICE OF JOHN C. FATTAHI

16

17                        By_____ /s/ John C. Fattahi_____

18                          John C. Fattahi
                            *Attorneys for Plaintiff Stephany Borges*

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

    Plaintiff hereby demands a trial by jury.

3

DATED:  February 25, 2015     LAW OFFICE OF DALE K. GALIPO

4

5

        By_____/s/ Dale K. Galipo_____

6

         Dale K. Galipo
         *Attorneys for Plaintiff Stephany Borges*

7

8

DATED:  February 25, 2015     LAW OFFICE OF JOHN C. FATTAHI

9

10

        By_____/s/ John C. Fattahi_____

11

         John C. Fattahi
         *Attorneys for Plaintiff Stephany Borges*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT