UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHANY BORGES,**<br><br>    Plaintiff,<br><br>        v.<br><br>**CITY OF EUREKA,** *et al.***,**<br><br>    Defendants. | Case No.: 15-cv-00846 YGR<br><br>**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 67 |

Defendants move for summary judgment on plaintiff's claims on grounds that defendants did not violate the deceased's constitutional right to medical care under the Fourteenth Amendment's Due Process Clause. Specifically, defendants take the position that plaintiff must show defendants acted with deliberate indifference, *i.e.* that they "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This standard proposed by defendants is a subjective one; it requires plaintiff to show that defendants were "*subjectively* aware that *serious* harm is likely to result from a failure to provide medical care." *Id.* at 1193 (emphasis in original). By contrast, plaintiff contends that the deceased's status as an arrestee – not charged with any crime – counsels that the applicable standard be an objective one. Said otherwise, plaintiff's position is that she need only show that defendants' denial of medical care to the deceased as a "pretrial detainee" was "objectively unreasonable." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

In *Kingsley*, the Supreme Court held that the objectively unreasonable standard applies to an excessive force claim brought by a pretrial detainee. *Id.* The Ninth Circuit recently considered whether *Kingsley* requires application of the same objective standard in failure-to-protect claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause. *Castro v.*

*Cnty. of Los Angeles*, 797 F.3d 654, 673-76 (9th Cir. 2015), *reh'g en banc granted*, 809 F.3d 536 (9th Cir. 2015).  While a two-judge majority of the panel in *Castro* held that *Kingsley* did not require reconsideration of the subjective deliberate indifference standard in this context, that decision was reheard *en banc* and is no longer good authority in this Circuit.  An *en banc* panel of the Ninth Circuit heard oral argument in *Castro* in March of this year.

Despite the apparent impact the *en banc* panel's decision in *Castro* might have in this case, the parties do not address directly whether the pending decision will control this case.  Accordingly, the Court requires supplemental briefing from the parties.  The parties shall submit briefs of no more than five pages by no later than July 1, 2016 addressing whether: (1) the Ninth Circuit's *en banc* decision in *Castro*, Appeal No. 12-56829, will dictate whether the Court must apply a subjective or objective standard in this case; and (2) if so, whether this case should be stayed pending resolution thereof by the Ninth Circuit.  For purposes of argument in their supplemental submissions, the parties should assume that resolution of whether the applicable standard is subjective or objective will change the outcome of defendants' motion for summary judgment.

The hearing on defendants' motion for summary judgment (Dkt. No. 67) currently set for June 28, 2016 is **VACATED** to be reset by the Court.

**IT IS SO ORDERED**.

Date: June 23, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**