UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**STEPHANY BORGES,**

    Plaintiff,

    v.

**CITY OF EUREKA,** *et al.***,**

    Defendants.

Case No.: 15-cv-00846 YGR

**ORDER REQUIRING SUPPLEMENTAL BRIEFING; VACATING COMPLIANCE HEARING**

The parties dispute whether plaintiff's claims for denial of medical care to decedent arise under the decedent's rights flowing from the Fourth Amendment's prohibition against unreasonable searches and seizures on the one hand or decedent's due process rights under the Fourteenth Amendment on the other. With respect to the City defendants, the Court finds there is no genuine dispute that the Fourth Amendment applies to the officers' actions and the City's policies relating to the period during and immediately following the arrest of decedent. *See Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1098–99 (9th Cir. 2006) (holding that arrestee's Fourth Amendment rights were implicated in denial of medical care claim against arresting officers).

As to the County defendants, the question is whether the Fourth Amendment continued to guarantee medical care to decedent when decedent was placed in the custody of the County at the jail. The Ninth Circuit has not addressed this question directly and its prior decisions suggest alternative conclusions. Compare *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002) (arrestee's "right to receive adequate medical care while in the custody of the County" as someone who had been arrested and not yet arraigned "derive[s] from the due process clause" under the Fourteenth Amendment), *overruled on other grounds*, *Castro v. Cnty. of Los Angeles*, *Castro v. Cty. of Los Angeles*, --F.3d.-- , 2016 WL 4268955, *11 (9th Cir. Aug. 15, 2016) with *Pierce v. Multnomah Cnty., Oregon,* 76 F.3d 1032, 1042–43 (9th Cir. 1996) (holding that the Fourth Amendment, rather than the Eighth Amendment, applied to warrantless arrestee's excessive force

claim against county officers for the conditions of confinement when she was post-arrest but pre-arraignment).  Neither plaintiff nor County defendants provides the Court with authority directly addressing the legal question presented here.

Accordingly, the Court may find it appropriate to analyze plaintiff's claims for denial of medical care against the County defendants under the protections of both the Fourth and Fourteenth Amendments.  Further briefing as to the Fourteenth Amendment claim is necessary in light of the new standard announced in *Castro*, 2016 WL 4268955, at * 7.  Plaintiff and the County defendants shall brief whether summary judgment is appropriate as to the Section 1983 claims brought against the County defendants for violation of decedent's Fourteenth Amendment rights (*i.e.* Claim Four and Claim Six) under the *Castro* standard.  For purposes of this analysis only, the parties should assume that the Fourteenth Amendment's due process guarantee was decedent's only constitutional right to medical care while he was in the custody of the County defendants.

The Court further requires that plaintiff, the County defendants, and the City defendants brief whether the *Castro* standard changes the analysis of Claim Five, which is brought against all defendants.  As raised by plaintiff in her most recent filing (*see* Dkt. No. 111), prior Ninth Circuit authority applying a deliberate indifference standard to this type of claim may not remain good law following *Castro*.  As to Claim Five, the parties should address: (i) whether the *Castro* standard should apply; and (ii) assuming the *Castro* standard applies, whether summary judgment should be granted.

The parties are **ORDERED** to file supplemental briefs addressing the issues outlined above:

- Defendants' briefs not to exceed twelve (12) pages each by **September 12, 2016**;
- Plaintiffs' responses not exceed twelve (12) pages each by **September 23, 2016**; and
- Defendants' replies not to exceed eight (8) pages each by **September 30, 2016**.

Finally, the compliance hearing set for September 8, 2016 at 9:01 a.m. is **VACATED**.

**IT IS SO ORDERED**.

Date: August 31, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2