1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5

6

7

8 **STEPHANY BORGES,**                    Case No.: 15-cv-00846 YGR

9         **Plaintiff,**                  **Rt gvt lcriQt f gt 'P q03'''
0**

10      **v.**

11 **COUNTY OF HUMBOLDT, MICHAEL DOWNEY,
   TIM HERSHBERGER, TERRI BITTNER, TIM
   HAMMER AND DAVID SWIM**

12        **Defendants.**

13
            Having considered the filings to date and the arguments and other submissions at the

14 Pretrial Conference, held on May 19, 2017, for good cause shown the Court enters the following

15 orders:

16
        1. <u>**Trial Date and Schedule:**</u>   The trial of this matter is **confirmed for Monday,**

17         **August 21, 2017,** with an alternative date of August 28, 2017 should the case of

18         Del Real v. City of Long Beach, 15-2831 pending in the Central District of

19         California, proceed to trial. Counsel for plaintiff shall advise the Court and counsel

20         of the status of the same by June 30, 2017.

21             Proceedings shall begin each day at 8:00 a.m. in United States Federal

22         Court, McKinleyville, California.  Parties should be prepared to proceed with jury

23         selection on Friday, August 18, 2017.

24      2. Evidence shall be presented to the jury generally on the following daily schedule,

25         Monday through Friday, from:

26             a.  8:30 a.m. to 10:15, then a fifteen minute break;

27             b.  10:30 a.m. to 12:15, then a forty-five minute break for lunch;

28

c. 1:00 p.m. to 2:45, then a fifteen-minute break; and

d. 3:00 p.m. to 4:30.

Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court before or after the start of the jury day.

3. The Court sets the next pre-trial conference for **July 14, 2017 at 8:00 a.m.**

4. For trial filings, the caption in this case shall reflect only currently pending parties.

5. **Standard Motions _in Limine_:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion _in limine_ refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." _Luce v. United States_, 469 U.S. 38, 40, n. 2 (1984).

6. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

7. **Trial Exchanges and Filings:**

   a. **By June 16, 2017**, the parties shall file and serve all motions _in limine_, all discovery designations, all deposition designations, all video designations, all audio designations including transcripts, exhibit lists, witness lists.

   b. **By June 16, 2017**, the parties shall serve, but not file, jury instructions and proposed verdict forms.

   c. Thereafter the parties shall meet and confer to resolve motions _in limine_ to the extent possible, disputes regarding any of the designations, and disputes

2

over jury instructions and verdict forms. In addition, to the extent possible, the parties shall attempt to enter stipulations regarding the admissibility of exhibits.

    **d.** **By June 23, 2017**, the parties shall file and serve oppositions to any outstanding motions *in limine*; an omnibus proposed form of orders on motions *in limine* by the proponent; cross-designations regarding discovery, depositions, video footage, and audio (including transcripts).

    **e.** **By June 30, 2017**, the parties shall file a joint motion including all disputes regarding the above-referenced designations with a proposed form of order which tracks the motion and any evidence to allow the Court to rule.

    **f.** **By June 30, 2017**, the parties shall file a joint set of jury instructions and verdict forms. The jury instructions should include a chart which indicates which of the instructions are joint versus disputed. With respect to the latter, the joint set of jury instructions should include statements of authorities and clearly delineate who is proffering the requested instruction (or portion thereof).

    **g.** **By June 30, 2017**, the parties shall file updated exhibit and, if necessary, witness lists. With respect to the latter the witness list may not include new and/or additional witnesses. The parties shall also file a joint preliminary statement of the case to be used during *voir dire*.

    h. After filing, the parties shall deliver to the Court by overnight mail, Trial Readiness Binders in conformity with the Court's Standing Order Re: Pretrial Instructions in Civil Cases § 3.

8. **<u>Procedural Stipulations</u>**: Attached hereto as Exhibit A is an outline of stipulations. The parties shall file said document, to the extent acceptable, **by June 30, 2017**.

9. **<u>Jury Questionnaire</u>**: Attached hereto as Exhibit B is the Court's Jury Questionnaire. The Court shall allow one (1) additional page of questions per

3

party.

10. **<u>Jurors and Peremptory Challenges:</u>** The Court will seat a total of eight (8) jurors and no alternates. The Court sets the number of peremptory challenges at four (4). *Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

11. Per the Court's Standing Order § 3(f)(viii), the Court will give Model Instructions 1.1B, 1.2, 1.3 and/or 1.4, 1.6–1.12, 1.14–1.15, 1.19, and 3.1–3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition).

12. **<u>Opening Statements:</u>** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties shall be available by telephone on the Friday before trial to discuss the issues raised with the Court. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

13. **<u>Expert Disclosures/Fed. R. Civ. P. 68 Offers:</u>** Counsel shall lodge with the Court on the first day of trial two copies of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

14. **<u>Doe Defendants</u>**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

15. **<u>Depositions to be Used at Trial:</u>** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. Before

4

each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

16. **<u>Video Depositions at Trial:</u>**  A video deposition may only be shown after the designations, counter-designation, and objections are resolved.  A transcript shall be provided of the portions played to the jury.  The court reporter shall be relieved of her duties to transcribe that portion of the trial.  In lieu of the court reporter's transcription, and to the extent the parties deem it necessary to their appellate record, the proponent shall provide a transcript of the same to the court reporter on or before the date played. The Court Reporter shall attach it to the transcript.

17. **<u>Witnesses at Trial:</u>**  The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

18. **<u>Objections:</u>**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

19. **<u>Jury Questions:</u>**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

20. **<u>Punitive Damages:</u>**  If the jury will be asked to consider punitive damages, the following additional orders apply:

    a.  Defendant shall have all relevant financial data in Court in a sealed envelope once trial begins;

    b.  Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin; and

    c.  The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

21. **<u>Requests for Transcripts:</u>**  The parties shall advise the Court at the next pretrial conference whether daily transcripts will be requested during the trial.

22. **<u>Further Settlement Conference/Mediation:</u>**  The parties shall continue to engage in good faith settlement discussions.  Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement.  The notification shall indicate what further steps need to be taken to finalize the settlement.   Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled.  Civ. L.R. 40-1.  Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

23. **<u>Trial Decorum and Procedure:</u>**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

24. **<u>Failure to Comply:</u>**  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

//

//

IT IS SO ORDERED.

DATED: May 25, 2017

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

Exhibit A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STEPHANY BORGES,** | Case No.: 15-cv-00846 YGR |
| **Plaintiff,** | |
| **v.** | **PROCEDURAL STIPULATIONS** |
| | **(EXHIBIT A TO PRETRIAL ORDER)** |
| **COUNTY OF HUMBOLDT, MICHAEL DOWNEY, TIM HERSHBERGER, TERRI BITTNER, TIM HAMMER AND DAVID SWIM** | |
| **Defendants.** | |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

      For the Plaintiff _____      For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

      For the Plaintiff _____      For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

      For the Plaintiff _____      For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and

without assembling in the jury box, and that they may resume their deliberations upon the Deputy

Clerk's determination that all jurors are present.

For the Plaintiff _____          For the Defendant _____


In the absence if the trial judge, any judge of this court may receive the verdict.

For the Plaintiff _____          For the Defendant _____


(Party Name) _____          (Party Name) _____


_____          _____

    Signature (Plaintiff's Attorney)                    Signature (Defense Attorney)

Exhibit B

# Juror Questionnaire

### Please PRINT your answers

To Be Completed by Jurors called to the Courtroom of the Hon. Yvonne Gonzalez Rogers for the Trial of:

*Borges v. County of Humboldt, et al.*          Case Number:  15-cv-00846  YGR

**Name:** _____    Age: _____  Birthplace: _____

**Residence:** _____ Years: _____ Prior Residence: _____ Years: _____

**Education:** Highest Grade Completed: _____    Degrees: _____

College/Vocational Schools attended: _____ Areas of Study: _____

_____

**Current Occupation/Position**: _____ Length of Service: _____

Employer: _____

Describe Any Supervisory Roles: _____

**Prior Occupation/Position:** _____ Length of Service: _____

Employer: _____

Describe Any Supervisory Roles: _____

**Current Status** (Circle):  Single (living alone/with others)    Married    Separated    Divorced    Widowed

**Occupation & Employer of Adults Living in the Same Household**: _____

_____

**Children:** Age(s) _____ Occupation(s) if employed: _____

_____

**Is English your first language?** YES ☐    NO ☐    IF NO, do you use it regularly at work or home? YES ☐  NO ☐

**Do You OR any CLOSE Family/Friends have military Service or Law Enforcement Training?** YES ☐  NO ☐

**Have You Ever Served on a Jury?**  Circle: YES   NO    Number of times: _____  Date(s) of Service: _____

Circle:   State Court  Federal Court  Both        Circle: Civil Case      Criminal Case        Both

Did each jury reach a verdict?  YES ☐   NO ☐        Have you ever served as Foreperson?  YES ☐   NO ☐

**[CONTINUED ON NEXT PAGE]**

**Do You OR any CLOSE Family/Friends [case specific]....?** YES ☐   NO ☐

If yes, describe: _____

**Do You OR any CLOSE Family/Friends [case specific]....?** YES ☐   NO ☐

If yes, describe: _____

**Are You OR any CLOSE Family/Friends [case specific]....?** YES ☐   NO ☐

If yes, describe: _____

**Have You Ever Been Convicted of a Felony?** YES ☐   NO ☐

If yes, provide basic details: _____

**Have You Ever Testified in any Court Proceeding?** YES ☐   NO ☐

If yes, describe: _____

**Circle If You Have STRONG opinions on any of the following institutions/topics:**
[case specific]

**The following is a list of potential witnesses and persons affiliated with the case.  CIRCLE any names of those who you know or with whom you are personally familiar:**

| Individuals | Individuals Cont'd. |
|---|---|
|  |  |
|  |  |
|  |  |
|  | **Entities** |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.**

**SIGNATURE:** _____   **DATE:** _____