LAW OFFICES OF DALE K. GALIPO
    Dale K. Galipo, (Bar No. 144074)
    dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:      (818) 347-3333
Facsimile:      (818) 347-4118

LAW OFFICE OF JOHN FATTAHI
    John Fattahi, Esq. (Bar No. 247625)
    jfattahi@gmail.com
535 North Brand Boulevard, Suite 500
Glendale, California  91203
Telephone:      (818) 839-1983
Facsimile:      (818) 561-3600

*Attorneys for Plaintiff Stephany Borges*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANY BORGES, etc.,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF HUMBOLDT,<br><br>        Defendants. | Case No. CV 15-00846-YGR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 9 TO EXCLUDE OPINIONS BY DEFENSE EXPERT MICHAEL SCHOTT THAT WERE NOT PROPERLY DISCLOSED UNDER RULE 26**<br><br>*Before the Hon. Yvonne Gonzalez Rogers*<br><br>FPTC:            July 14, 2017<br>Time:            8:00 a.m.<br>Ctrm:            1 (Oakland)<br><br>Trial Date:    August 21, 2017<br>Time:            8:00 a.m.<br>Ctrm:            McKinleyville |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

This Motion seeks to exclude certain opinion testimony by defense expert Michael Schott, who was not properly disclosed as a retained expert under Rule 26.  After several stipulated extensions, the deadline for initial expert disclosures came and went on January 11, 2016.  County Defendants disclosed Dr. Vincent J.M. DiMaio, M.D. and Philip Lawrence as their retained experts.  They did not disclose Mr. Schott as either a retained or non-retained expert.  Plaintiff, however, disclosed Mr. Schott as a non-retained expert in an abundance of caution, because he had performed very basic retrieval and processing of the jail surveillance video, apparently at the County's direction, and had provided instructions to all parties regarding how to access and playback the video recordings.  Thus, Plaintiff's initial expert disclosure indicated that "Mr. Schott is expected to testify regarding his retrieval and processing of video evidence."

In their rebuttal expert disclosures dated February 8, 2016, County Defendants purported to disclose Mr. Schott as a retained expert and attached his two-page report.  His two-page report essentially offered the opinions that the jail's sobering cell video recording is of poor quality, Borges moved his head at 15:17:56, and the failure of the video to show chest movements associated with respiration after that point was likely the result of the poor video quality.  Schott also opined that because he can see a person standing behind the sobering cell observation window at one point on the video, that likely means the window glass "did not materially interfere with the visual content."  Mr. Schott included a few still images from the video as exhibits to his report. The expert discovery cut-off elapsed on March 4, 2016.  Then on April 18, 2016, along with their summary judgment reply papers, County Defendants filed a new declaration by Mr. Schott that purported to add additional opinions and attached seven previously undisclosed audio and video recordings he created by manipulating the original recordings—according to him he slowed things down, changed lighting parameters, and enlarged certain content.

The Court should exclude all of Mr. Schott's purported expert opinions, other than his properly disclosed (by Plaintiff only) testimony regarding the basic copying and transferring

process he performed when he provided initial unedited copies of the jail video recordings to all parties during fact discovery (if necessary).[1]  Schott's opinions as a retained expert run afoul of Rule 26, which requires that a party disclose testifying experts and provide a written report for any retained experts by the appropriate date—in this case, January 8, 2016.  Rule 37(c) provides that a party may not use a witness or information that it failed to properly disclose under Rule 26.

Although Rule 26 provides for disclosure of rebuttal expert opinions "intended solely to contradict or rebut evidence on the same subject matter identified by another party," Schott's February 8, 2016 report clearly exceeds the scope of Rule 26(a)(2)(D)(ii).  Indeed, Schott's report indicates that it was prepared in response to defense counsel's request "pertaining to the technical parameters, capabilities and limitations of the video evidence in this case."  Even assuming *arguendo* that this is a relevant issue on which testimony would be helpful to the jury (which it is not),[2] Plaintiff did not disclose an expert to offer any opinions on the same subject matter and thus Schott's report is not proper rebuttal.  Schott's April 18, 2016 declaration and manipulated audio and video recordings likewise should be excluded, and they suffer from the additional defect that they were not even disclosed before the rebuttal disclosures deadline, but rather were attached to Defendants' reply in support of summary judgment which was filed more than a month after expert discovery had closed.  Accordingly, the Court should exclude Schott's improperly disclosed opinions under Rules 26 and 37(c).

---

[1] It seems highly unlikely that even this limited testimony by Schott would be necessary at trial, as it is anticipated the parties would stipulate to the foundation for the video recordings. Indeed, the Court indicated at the preliminary pretrial conference that the video recordings should be played for the jury during Plaintiff's case in chief.

[2] Because of the obvious disclosure issues related to Schott's opinions, Plaintiff did not file a motion to exclude them under Rule 702 and *Daubert*.  However, if the issue were ripe, Plaintiff would vehemently object to Schott's testimony on that independent basis.

1    DATED:  June 16, 2017          LAW OFFICE OF JOHN FATTAHI

2

3                                    By_____/s/ John Fattahi_____

4                                          John Fattahi
                                         *Attorneys for Plaintiff*