**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STEPHANY BORGES,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**COUNTY OF HUMBOLDT, MICHAEL DOWNEY, TIM HERSHBERGER, TERRI BITTNER, TIM HAMMER AND DAVID SWIM**<br><br>    **Defendants.** | Case No.: 15-cv-00846 YGR<br><br>**PRETRIAL ORDER NO. 7**<br><br>**ORDER REGARDING MOTIONS *IN LIMINE*, OBJECTIONS TO CLASSES OF EXHIBITS, AND JURY QUESTIONNAIRE**<br><br>Dkt. Nos. 138-146, 150-164 |

**A.  Motions *in Limine***

The parties filed motions *in limine* on June 16, 2017. (Dkt. Nos. 138-146, 150-164.) The motions came before the Court for hearing on July 26, 2017. After reviewing and considering all papers filed in support of, and in opposition to, the motions, as well as the arguments advanced by counsel at the hearing, the Court makes the following rulings on the parties' motions:

| Number | Plaintiff's Motions *in Limine* | |
|---|---|---|
| Plaintiff No. 1 | Evidence and argument regarding third-party claims and culpability, including:<br>(1) Plaintiff's claims against City Defendants—City of Eureka, Michael Stelzig, Drake Goodale, and Bryon Franco—including the Court's grant of City Defendants' motion for summary judgment;<br>(2) Plaintiff's claims against CFMG Defendants—CFMG, Robert Eury, and Ann Hampton—including the settlement between Plaintiff and CFMG Defendants;<br>(3) Plaintiff's claims against various individual County Defendants that Plaintiff voluntarily dismissed, and other claims against County Defendants, including Leo Basler, which the Court dismissed on summary judgment;<br>(4) Any alleged culpability of these former defendants or any other third party, including Decedent Daren Borges. | |
| **GRANTED** except that defendants may offer evidence and argument regarding the roles and responsibilities of CFMG medical staff involved in the incident. Defendants may present evidence regarding what the CFMG medical staff perceived and actions the CFMG staff took during this incident. | | |

United States District Court
Northern District of California

| Plaintiff No. 2 | Inflammatory character evidence and argument regarding Decedent, including:<br>(1) Decedent's tattoos, except that they need not be redacted from video recordings from the incident;<br>(2) Decedent's past illegal drug use;<br>(3) Decedent's past periods of incarceration;<br>(4) Decedent's past convictions. | |
|---|---|---|

**GRANTED** as unopposed with regard to (1), decedent's tattoos, except that they need not be redacted from video recordings from the incident. (Dkt. No. 181.)

**GRANTED** as unopposed with regard to (4), decedent's past convictions except to the extent such reference is made or implied by in conjunction with other relevant and admissible evidence, such as decedent's past periods of incarceration and his previous drug use. (*Id.*)

**DENIED** as to (2), decedent's past illegal drug use, and (3), periods of incarceration to the extent that defendant deputies Hershberger, Hammer, Bittner, and/or third party percipient witness nurse Hampton have personal knowledge of decedent's drug use and previous incarcerations based on prior interactions with decedent, otherwise **GRANTED**.

| Plaintiff No. 3 | Evidence and argument regarding Decedent's prior contacts with law enforcement, including:<br>(1) Juvenile detentions or arrests;<br>(2) Field contacts and field interviews;<br>(3) Detentions under California Welfare and Institutions Code section 5150;<br>(4) Arrests and detentions related to criminal offenses (including a 12 page rap sheet);<br>(5) Alleged designation as a "WP GANG" member;<br>(6) Detentions related to Decedent being unable to care for himself due to intoxication;<br>(7) Restraining orders against Decedent;<br>(8) Prior interactions between Decedent and the individual defendants or third party percipient witnesses in a custodial setting. | |
|---|---|---|

**GRANTED** as unopposed with regard to (1) juvenile detentions or arrests; (2) field contacts and field interviews; (3) detentions under California Welfare and Institutions Code section 5150; and (5) alleged designation as a "WP GANG" member. (Dkt. No. 182.)

**DENIED** as to (4), (6) and (8) but only to the extent that defendant deputies Hershberger, Hammer, Bittner, and/or third party percipient witness nurse Hampton have personal knowledge of decedent's drug use and previous incarcerations based on prior interactions with decedent, otherwise **GRANTED**.

**GRANTED** as to (7).

| | | |
|---|---|---|
| Plaintiff No. 4 | Evidence or argument regarding any details of Defendant Terri Bittner's leave of absence, including reason(s) for the leave. | |
| **DENIED IN PART**. Defendants shall be allowed to reference only that Bittner was on medical leave so as to explain how she fell within the purview of a waiver with respect to the training requirements. | | |
| Plaintiff No. 5 | Evidence or argument suggesting that Decedent was HIV positive. | **GRANTED** as unopposed. |
| Plaintiff No. 6 | Evidence or argument regarding Decedent's past refusals of medical or mental health care. | **GRANTED**. |
| Plaintiff No. 7 | Evidence or argument regarding the identity of Decedent's cousin, Duncan Devine. | **GRANTED** as unopposed. |
| Plaintiff No. 8 | Evidence or argument regarding the circumstances of expert witness Richard Lichten's retirement from the Los Angeles County Sheriff's Department. | **DENIED**. |
| Plaintiff No. 9 | Opinion testimony and work product by Michael Schott that was not properly disclosed by Defendants under Rule 26, including opinions contained in his February 8, 2016 report and his April 18, 2016 declaration. | |
| **GRANTED.** Not only are the opinions not properly disclosed but it is insufficient under Federal Rules of Evidence 701 and 702. In his two-page report, Mr. Schott seeks to opine that the video at issue has "image quality" which is "limited by the low resolution, and is further degraded by the apparent presence of foreign matter upon the lens. The result is a loss of edge definition, contrast, and overall clarity." Mr. Schott's opinions are plainly evident. He provides no expertise that will assist the jury to understand the evidence or determine a fact in issue. | | |

//
//
//
//
//
//
//
//
//

| Number | Defendants' Motions *in Limine* | |
|---|---|---|
| Defendants No. 1 | Evidence and argument regarding other, unrelated notorious incidents regarding publicized incidents, either nationally or locally, involving misconduct by police or correctional officers, including any reference to the case of *Cotton v. City of Eureka*, Case No. C-08-04386-SBA. (F.R.E. 401, 402, 403 and 404(a) and (b).) | |
|  | **GRANTED** respect to notorious national incidents.<br><br>**DENIED** with regard to the case of *Cotton v. City of Eureka*, Case No. C-08-04386-SBA. | |
| Defendants No. 2 | Evidence and argument regarding matters outside the evidence designed to, or having the effect of, inflaming the jury to bring in a verdict for political impact. (F.R.E. 402 and 403.) | |
| | **GRANTED** with respect to evidence and argument regarding sending a message to the defendants or politicizing this incident. However, proper constitutional arguments may be offered. | |
| Defendants No. 3 | Evidence and argument regarding any failure by County officers to follow policies, including any evidence or assertion regarding CFMG's policies on the basis that these are not the policies of the County governing correctional officers. (F.R.E. 402 and 403.) | |
|  | **GRANTED** as to evidence and argument that that (i) CFMG's policies are the policies of the County of Humboldt's and (ii) defendants' failure to follow CFMG's policies results in liability for the County of Humboldt. | |
| Defendants No. 4 | Evidence and argument regarding any deficiencies, including any licensure issue, in the medical screening by the CFMG nurse performed at the sobering cell. (F.R.E. 401, 402 and 403.) | **GRANTED** as unopposed. |
| Defendants No. 5 | Any testimony by any witness or any hypothetical or other question incorporating a statement of what is purportedly depicted on a video or stated in an audio recording. (F.R.E. 402 and 403.) | **GRANTED** as unopposed. |
| Defendants No. 6 | Evidence and argument that any mental health policy of the correctional facility was applicable to the decedent's booking and incarceration based upon obvious intoxication. (F.R.E. 401, 402 and 403.) | **DENIED**. |
| Defendants No. 7 | Evidence and argument that the decedent had a purported "head injury" or that any correctional officer had knowledge that the decedent was experiencing symptoms of a head injury. (F.R.E. 401, 402 and 403.) | ***RESERVED*** |
| Defendants | Evidence and argument that the correctional facility was | **DENIED**. |

4

| | | |
|---|---|---|
| No. 8 | required to have audio monitoring of the sobering cell. (F.R.E. 402 and 403.) | |
| Defendants No. 9 | Evidence and argument regarding purported conversations with any probation/parole officers regarding decedent, including whether he was clean or drug-free. (F.R.E. 801, 802, et seq.) | |
| **GRANTED**. Plaintiff shall not offer evidence or argument on this issue without prior permission of the Court to ensure that evidence, if any, is admissible. | | |
| Defendants No. 10 | Evidence and argument that there was any purported inadequacy of the sobering cell log entries for decedent. (F.R.E. 403, 703 and 704.) | **DENIED**. |
| Defendants No. 11 | Evidence and argument that IMQ and STC standards were not met. (F.R.E. 702 and 703.) | **DENIED** |
| **DENIED** as untimely. Objections go to weight, not admissibility. | | |
| Defendants No. 12 | Evidence and argument that the County and Downey failed to enact policies and provide training to ensure jail staff would recognize signs of medical distress and call medical staff when appropriate, and adequately monitor arrestees in sobering cells. (F.R.E. 403 and 702.) | **DENIED**. |
| Defendants No. 13 | Evidence and argument regarding prior jail incidents, including, but not limited to, the jail death involving Martin Cotton, or any settlement thereof. (F.R.E. 401, 402, 403 and 404(a) and (b).) | **DENIED** as to the Cotton incident. |
| Defendants No. 14 | Evidence and argument that the Board of Correction found correctional staff were not compliant with required training. (F.R.E. 401, 402 and 403.) | **GRANTED** as unopposed. |
| Defendants No. 15 | Evidence and argument that Sheriff Downey knew that any constitutional violation occurred, that any policies or trainings were inadequate, or that he ratified any constitutional violation. (F.R.E. 401, 402, 403, 702 and 703.) | **DENIED**. |

The parties and their counsel are **PROHIBITED** from introducing or referring in any way to the evidence above during trial. The parties shall ensure that their witnesses (including expert witnesses and party – affiliated witnesses called by the adverse party) are instructed not to refer in any way to the evidence above.

**B.      OBJECTIONS -- SECOND AMENDED JOINT EXHIBIT LIST (DKT. NO. 209)**

1. Plaintiff's Exhibits 2 (series), 3, 4 (series) Objections are overruled without prejudice to reasserting on grounds of cumulative.

5

2. Plaintiff's Exhibit 5: Objection is sustained on hearsay grounds only.

3. Plaintiff's Exhibit 18: Objections are overruled.

4. Plaintiff's Exhibit 25: Objections pursuant to Evidence Code section 401, 402 and 403 are overruled. Defendants' objection on pursuant to Evidence Code section 801 is reserved. Plaintiff must be able to lay a proper foundation at trial to overcome the hearsay objection.

5. Plaintiff's Exhibit 27, 28, 29 (series): Objections are overruled.

6. Plaintiff's Exhibit 30 (series): Objections are sustained in part. This series of exhibits contains video from the facility showing a variety of real time camera angles (one to four), including the decedent and the defendants. However, because these are real time clips, they also include other individuals, including other employees of the County, other correctional officers, medical staff, and some additional detainees. Defendants object on 401-403 grounds and third-party privacy grounds for the additional detainees. With respect to the latter, the Court notes that there are instances where the faces of third-party detainees are clearly visible and others where they are not. Defendants' objections on 401-403 grounds are overruled. With respect to the third-party detainees, plaintiff shall obscure the face of those individuals so that they are not recognizable or otherwise black out those portions of the videos. These videos must be pre-cleared by the Court before use to ensure compliance with this order.

7. Plaintiff's Exhibit 34 (series): Objections are overruled.

8. Plaintiff's Exhibit 35 (series): Reserved.

9. Objections to Defendants' Exhibits 100-102, 104 and Plaintiff's cross designations are overruled. Parties are ordered that any video shown must be played to the jury are regular speed. Any slowing down of the video or annotation to the video must be identified for and explained to the jury.

10. With respect to Defendants Exhibits 106 and 107 which comprise the entire file of decedent's medical and mental health records, respectively, the exhibits are excluded in their current form. To the extent that particular portions of decedent's medical and

mental health records are proffered as evidence, the Court shall evaluate particular portions of these files on a case by case basis. While Federal Rule of Evidence 803(4)(B) provides "for a hearsay exception for statements made for the purpose of medical diagnosis or treatment," such statements only fall within the exception "insofar as reasonably pertinent to diagnosis or treatment." *See* 30C Kenneth W. Graham & Michael H. Graham, Fed. Prac. & Proc. Evid. § 7045 (2017). Thus it is not enough that the declarant made the statement with an intent to facilitate medical diagnosis or treatment; the statement must be in addition in fact be "reasonably pertinent to diagnosis or treatment." *Id*. To the extent relevant, defendants must make such individualized proffers. *See Lovejoy v. U.S.,* 92 F. 3d 628 (8th Cir. 1996); *U.S. v. Reniville,* 779 F.2d 420, 436 (8th Cir. 1985); *Gong v. Hirch,* 914 F.2d 1269, 1273 (7th Cir, 1990). Notwithstanding the foregoing, parties may object at trial on grounds of cumulative to the extent it is then appropriate.

C. **JURY QUESTIONNAIRE**

Attached for the parties' review is the current version of the **Jury Questionnaire**. Any further comments should be provided to the Court no later than **noon on Friday, August 11, 2017**.

This Order terminates Dkt. Nos. 138-146, 150-164.

**IT IS SO ORDERED.**

Dated: August 8, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

# JUROR QUESTIONNAIRE

**Please PRINT your answers**

To Be Completed by Jurors called to the Courtroom of the Hon. Yvonne Gonzalez Rogers for the Trial of:

*Borges v. County of Humboldt, et al.*  Case Number: 15-cv-00846-YGR

**Name:** _____  **Age:** _____  **Birthplace:** _____

**Residence:** _____ Years: _____ Prior Residence: _____ Years: _____

**Education:** Highest Grade Completed: _____ Degrees: _____

College/Vocational Schools attended: _____ Areas of Study: _____

_____

**Current Occupation/Position:** _____ Length of Service: _____

Employer: _____

Describe Any Supervisory Roles: _____

**Prior Occupation/Position:** _____ Length of Service: _____

Employer: _____

Describe Any Supervisory Roles: _____

**Current Status** (Circle): Single (living alone/with others)   Married   Separated   Divorced   Widowed

**Occupation & Employer of Adults Living in the Same Household:** _____

_____

**Children:** Age(s) _____ Occupation(s) if employed: _____

_____

**Is English your first language?** YES ☐  NO ☐   IF NO, do you use it regularly at work or home? YES ☐ NO ☐

**Do You OR any CLOSE Family/Friends have Military Service?** YES ☐ NO ☐

**Have You Ever Served on a Jury?** Circle: YES  NO   Number of times: _____ Date(s) of Service: _____

Circle:   State Court   Federal Court   Both        Circle: Civil Case   Criminal Case   Both

Did each jury reach a verdict? YES ☐ NO ☐    Have you ever served as Foreperson? YES ☐ NO ☐

**[CONTINUED ON NEXT PAGE]**

1

**Do You OR any CLOSE Family/Friends work or have training in law enforcement?** YES ☐   NO ☐

If yes, describe: _____

**Do You OR any CLOSE Family/Friends suffer from mental illness?** YES ☐   NO ☐

If yes, describe: _____

**Have You OR any CLOSE Family/Friends experienced homelessness?** YES ☐   NO ☐

If yes, describe: _____

**Have You OR any CLOSE Family/Friends been arrested or detained in custody?** YES ☐   NO ☐

If yes, describe: _____

**Have You OR any CLOSE Family/Friends used methamphetamine?** YES ☐   NO ☐

If yes, describe: _____

**Have You OR any CLOSE Family/Friends suffered with drug addiction?** YES ☐   NO ☐

If yes, describe: _____

**Have You Ever Been Convicted of a Felony?** YES ☐   NO ☐

If yes, provide basic details: _____

**Have You Ever Testified in any Court Proceeding?** YES ☐   NO ☐

If yes, describe: _____

**This trial involves videos which end in a death.** Do you have any reason to believe that you will not be able to consider the evidence in a fair and impartial manner.   YES ☐   NO ☐

If yes, describe: _____

**Circle If You Have STRONG opinions on any of the following institutions and/or topics:**

| | | |
|---|---|---|
| Humboldt County Sheriff's Office | Methamphetamine | Mental Illness |
| Law Enforcement | Homelessness | Drug Addiction |

**If you are chosen to serve as a juror, you will hear the testimony of many witnesses, and the Court will instruct you that you may have to decide which testimony to believe or not believe.** In considering the testimony of any witness, you may take into account:

  a. the witness's opportunity and ability to see, hear, or know the things about which he or she is testifying;
  b. the witness's memory;
  c. the witness's manner while testifying;
  d. the witness's interest in the outcome of the case, if any;
  e. the witness's bias or prejudice, if any;
  f. whether other evidence contradicted the witness's testimony in light of all the evidence; and
  g. any other factors which bear on believability.

Do you have any concerns about following this instruction? (Circle):   YES      NO

If yes, explain: _____

As described in the previous question, the law requires that jurors evaluate the totality of a witness's testimony. **Do you think you *automatically* would tend to credit the testimony of law enforcement personnel?** (Circle):   YES     NO

If yes, explain: _____

**Indicate the strength of your opinions on any of the following statements and/or topics:**

1. There are too many lawsuits.
    Strongly Agree          Agree           Disagree          Strongly Disagree           No Opinion

2. Public Entities should **Not** be held responsible with money damages if the law finds them liable.
    Strongly Agree          Agree           Disagree          Strongly Disagree           No Opinion

3. Finish the following sentence by circling an answer
    In general, I think Damages Awards from civil lawsuits are_____

    Too high             Too low          Just Right         I am not sure/No opinion

**Do you have any firmly held belief that would prohibit you from awarding money damages?**
(Circle):   YES      NO     If yes, explain: _____

**Is there any other issue you would like to discuss with the judge regarding your ability to serve as a juror in this case?** If YES, please describe briefly:
_____
_____
_____
_____

**Potential Witnesses**
**The following is a list of potential witnesses and persons affiliated with the case.  CIRCLE any names of those who you know or with whom you are personally familiar:**

| Individuals |
| --- |
| Albrecht, Jennifer |
| Aponte, Scott |
| Basler, Leo |
| Bernstein, Jack |
| Bittner, Terri (Defendant) |
| Borges, Stephany (Plaintiff) |
| Broberg, Jeffrey |
| Bullard, Donna |
| Bunton, Gerald, M.D. |
| Bux, Robert, M.D. |
| Chao, Tina, PA. |
| Christian, Duane |
| Cordova, Ronald, M.D. |
| Devies, Leslie, DO. |
| Downey, Michael (Defendant) |
| Engkatanakorn, Naruchon, M.D. |
| Esget, Hal |
| Eury, Robert, RN |
| Flint, Dean |
| Franco, Bryon |
| Fulton, Todd |
| Gerdes, Eric, DO. |
| Greenberg, Jonathan, M.D. |
| Goodale, Drake |
| Grossman, Brian |

| Individuals |
| --- |
| Gustin, Barry, M.D. |
| Hall, Brian |
| Hammer, Timothy (Defendant) |
| Hampton, Ann, LVN |
| Harlander, Brandon |
| Harrison, Mark |
| Hershberger, Timothy (Defendant) |
| Hinrichs, J. #1649 |
| Jencks, Jodel, RN |
| Kemp, Chris |
| Laakeniemi, Brian, M.D. |
| Lawrence, Philip |
| Lichten, Richard |
| Lovie, Karen |
| Madden, Kim |
| Madden, Larry |
| Maguire, Kathryn |
| McCullouch, Kelsey, RN |
| McEwen, Joshua |
| McLean, Jennifer, RN |
| McSkane-Beers, Fiona, RN |
| Mills, Andrew |
| Moore, Jacqueline, Ph.D. |
| Musson, Greg |

| Individuals |
| --- |
| Parris, David |
| Patel, Meeta, M.D. |
| Perrone, Martin |
| Poyourow, Robert |
| Rogers, Travis |
| Schott, Michael |
| Smith, Edwin |
| Smith, Kathy |
| Stelzig, Michael |
| Super, Mark, M.D. |
| Swim, David (Defendant) |
| Tran, Minh |
| Veborg, Hans, RN |
| Warrentin, M. |
| Wilson, Jennifer, M.D. |
| Yandell, Diana, M.D. |

| Entities |
| --- |
| County of Humboldt |
| City of Eureka |
| California Forensic Medical Group (CFMG) |

**I DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IS TRUE AND CORRECT.**

**SIGNATURE: _____**    **DATE: _____**

**Extra Space If Needed to Respond to the Questions Above**

(Please put the question number next to your response.  Thank you.)

_____
_____
_____
_____
_____
_____
_____