# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANY BORGES, <br><br>  Plaintiff, <br><br> v. <br><br> COUNTY OF HUMBOLDT, MICHAEL DOWNEY, TIM HERSHBERGER, TERRI BITTNER, TIM HAMMER AND DAVID SWIM <br><br> Defendants. | Case No.: 15-cv-00846 YGR <br><br> **PRETRIAL ORDER NO. 8 REGARDING JURY INSTRUCTIONS** |

In light of the additional briefing submitted by the parties regarding jury instructions (Dkt. Nos. 214, 215, 217 and 220) in response to Pretrial Order No. 5 (Dkt. No. 211) the Court **ORDERS** as follows:

1. **Color of Law Stipulation**

The parties shall submit a joint stipulation regarding whether the jury need be instructed that Stephany Borges must prove that (i) David Swim, Terri Bittner, Tim Hammer, and/or Tim Hershberger acted under color of law with regard to plaintiff's Section 1983 individual claims and Section 1983 claim against defendant County of Humboldt and (ii) Michael Downey acted under color of law with regard to plaintiff's Section 1983 supervisory liability claim by **Thursday, August 17, 2017**. If one is not received, the Court will revise jury instructions accordingly.

2. **California Government Code Section 845.6** (formally Instruction No. 22)

The jury shall be instructed that Stephany Borges must prove "by a preponderance of the evidence" that "Daren Borges had a serious and obvious medical condition" and "Daren Borges was in need of immediate medical care" in light of the Ninth Circuit's opinion in *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) ("liability under section 845.6 is limited to serious and

obvious medical conditions requiring immediate care"). By contrast, the jury shall not be instructed that liability is "limited to those situations where the public entity intentionally or unjustifiably fails to furnish immediate medical care." Defendants' argument that such an instruction is required under *Watson v. State of California*, 21 Cal. App. 4th 836, 841 (1993), fails because such limitation does not exist in the statutory language and the Ninth Circuit in *Jett* declined to include the same when specifically discussing the elements required to state a claim under Section 845.6 and *Watson*. *See Jett*, 439 F.3d at 1099.

3. **Fourteenth Amendment Familial Association** (formally Instruction No. 18)

The Supreme Court has described substantive family rights as among the "basic civil rights of man." *Skinner v. Oklahoma,* 316 U.S. 535, 541 (1942); *see also Morrison v. Jones*, 607 F.2d 1269, 1276 (9th Cir. 1979). "After examining a long line of Supreme Court cases stressing 'the importance of familial bonds' and identifying the many times the Supreme Court has interpreted the due process clause to protect the interests of parents 'in maintaining a relationship with their children,' [the Ninth Circuit] concluded that a parent has a constitutionally protected liberty interest in the companionship and society of his or her child." *Smith v. City of Fontana,* 818 F.2d 1411, 1418 (9th Cir. 1987) (quoting *Kelson v. City of Springfield*, 767 F.2d 651, 654 (9th Cir. 1985)).

Plaintiff's personal right to be free from interference with familial association is distinct from the Fourteenth Amendment claim for denial of medical care which survives Daren Borges' death, and thus must be analyzed separately. The Supreme Court has held that some constitutional rights such as those arising under the Fourth Amendment are "personal rights" which "may not be vicariously asserted." *Rakas v. Illinois,* 439 U.S. 128, 133–34 (1978) (quoting *Alderman v. United States,* 394 U.S. 165, 174 (1969)). The Ninth Circuit has noted that the right to familial association is a separate and independently held right. *See Kelson*, 767 F.2d at 653 fn. 2.

*Byrd* is instructive. There, the Ninth Circuit considered whether surviving family members' claims for loss of society were "governed by a different standard than the [Fourth Amendment] claim of the deceased's estate." *See Byrd v. Guess*, 137 F.3d 1126, 1134 (9th Cir. 1998). The Court recognized that "[i]t would certainly simplify jury instructions if the claims of

2

the surviving spouse and the estate, often brought in the same action, were both governed by the objective reasonableness standard." *Id*. However, the Court held that the rights of surviving family members under the Fourteenth Amendment are distinct from a decendant's Fourth Amendment rights in light of "binding and persuasive authority," including *Rakas* and *Alderman. Id* (citing *Rakas*, 439 U.S. at 133-34; *Alderman*, 394 U.S. at 174.)

Several district courts in the Ninth Circuit have followed *Byrd* in applying distinct standards for a decendant's denial of medical care claim and a successor-in-interest's familial association claim. *See Shamus*, 2015 WL 3466942 at 12-13 ("right to intimate familial relationships is protected by the Fourteenth Amendment, which prevents jail staff from any behavior that shocks the conscience"); *see also Demaree v. Krause*, 2012 WL 12548144 at 6. The Court concurs and similarly finds that plaintiff's survival claim for denial of medical care and personal claim to be free of interference with familial association are governed by distinct standards, even if some overlap exists.

Under *County of Sacramento*, the standard governing interference with familial association is deliberate indifference. There, the Supreme Court held that when a plaintiff challenges executive action on substantive due process grounds the question is whether the government action is shocking to the judicial conscious. *See County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1992). Where officials had time to deliberate their actions shock the conscious and violate substantive due process if the officials were deliberately indifferent. *Id*. at 849. The Ninth Circuit has similarly held that when circumstances allow the officers time for deliberation, an officer's conduct shocks the conscience if it constitutes "deliberate indifference" to a plaintiff's rights. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (deliberate indifference is "subset" of "shock the conscience" standard). "This 'deliberate indifference' standard is still a 'stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Demaree v. Krause*, 2012 WL 1254814 at 6 (D. Ariz. 2012) (quoting *Bryan County v. Brown*, 520 U.S. 397, 410 (1997)). "[M]ere negligence–or even gross negligence–is not enough for deliberate indifference." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 976 (9th Cir. 2011).

3

Accordingly, the jury will be instructed that Stephany Borges must prove that "[e]ach defendant acted in a manner which shocks the conscience." The jury will also be instructed that:

> Where, as here, each defendant had an opportunity to deliberate before the action, the action "shocks the conscience" if undertaken with deliberate indifference to Stephany Borges' rights.
>
> Deliberate indifference is the conscious or reckless disregard of the consequence of one's acts or omissions. It entails something more than negligence, on the one hand, and on the other hand, is satisfied by something less than acts or omissions committed for the very purpose of causing harm or with knowledge that harm will result.

4. **Damages** (formally Instruction No. 24)

The jury will not be instructed to consider "loss of life" in determining the damages of Daren Borges, which Stephany Borges is legally entitled to recover as her son's successor-in-interest. The Ninth Circuit Model Jury Instructions do not include "loss of life" as a relevant factor in determining damages, nor is this Court aware of any case law which includes "loss of life" in such damages calculations.

By contrast, the jury will be instructed to consider "[t]he mental, physical, and emotional pain and suffering experienced by Stephany Borges and which with reasonable probability will be experienced in the future" in determining Stephany Borges' damages with regard to her claim for interference with familial association. As discussed above, Stephany Borges has a "constitutionally protected liberty interest in the companionship and society of [Daren Borges]." *See Smith,* 818 F.2d at 1418 (quoting *Kelson*, 767 F.2d at 654). "A plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations." *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988). "The victim of the constitutional deprivation is entitled to compensation for economic harm, pain and suffering, and mental and emotional distress that results from the violations." *Id.; see also Cotton v. City of Eureka*, 2010 WL 5154945, at *15 (N.D. Cal. Dec. 14, 2010) ("Where an injury such as mental and emotional distress is caused by a constitutional violation, that injury is compensable under § 1983.").

//

5. **Comparative Fault and Apportionment of Responsibility** (formally Supplemental Instructions Nos. 1 and 2)

The parties agree that defendants' proposed comparative fault and apportionment of responsibility instructions do not apply to plaintiff's federal claims. *See Miller v. Schmitz,* 2013 WL 5754945 (E.D. Cal. 2013) (citing *Quezada v. County of Bernalillo,* 944 F.2d 710, 721 (10th Cir. 1991); *Banks v. Emeryville,* 109 F.R.D. 535, 539 (N.D. Cal. 1985). Defendants argue, however, that these proposed instructions are properly applied to plaintiff's California claim for failure to summon medical care under Section 845.6.

Defendants do not persuade in light of their failure to address the intent component of plaintiff's California claim. "Contributory negligence never has been considered a good defense to an intentional tort . . . and it would likewise appear contrary to sound policy to reduce a plaintiff's damages under comparative fault for his 'negligence' in encountering the defendant's deliberately inflicted harm." *Heiner v. Kmart Corp.*, 84 Cal. App. 4th 335, 349 (2000). Similarly, "an intentional tortfeasor's liability to the plaintiff is not subject to apportionment (i.e., reduction) where the negligence of one or more third party tortfeasors contributed to the injuries." *Thomas v. Duggins Const. Co.*, 139 Cal. App. 4th 1105, 1112 (2006). Therefore, the jury shall not be instructed on defendants' proposed supplemental instructions Nos. 1 and 2.

6. **Government Code Immunities** (formally Supplemental Instructions Nos. 3 and 4)

The Court finds defendants' proposed instructions on Government Code Sections 855.6 and 855.8(a) unnecessary and improper. Plaintiff in this case does not assert claims for medical malpractice (Section 855.6) or psychiatric/addiction malpractice (Section 855.8(a)) which fall within these immunities. Further, Section 855.6 immunity is not absolute where defendant "fail[s] to provide medical care for a prisoner in obvious need of such care." *Lucas v. City of Long Beach,* 60 Cal.App.3d 341, 348 (1976). "While immunity granted under this section is broad, it has been held that it does not extend to a situation where the defendant fails to provide medical care for a prisoner in obvious need of such care." *Lum v. Cty. of San Joaquin*, 756 F. Supp. 2d 1243, 1257 (E.D. Cal. 2010) (citing *Lucas,* 60 Cal.App.3d at 349).

//

7. **Moving Force Instruction** (formally Supplemental Instruction No. 5)

The Court declines to include defendants' proposed moving force instruction at this juncture because as written it creates confusion with regard to causation. Should the jury ask the Court for clarification on the term "moving force," the Court will reconsider defendants' proposal.

8. **Offset of proceeds paid by CFMG**

**RESERVED**. Given the posture of this case it is not clear that an offset is appropriate. The Court will address this issue once evidence has been presented and briefing on the topic offered.

9. **Tentative Jury Instructions**

The Court attaches hereto the most current draft of the Jury Instruction to be discussed with the parties.

**IT IS SO ORDERED.**

Dated: August 15, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**