**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STEPHANY BORGES,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**COUNTY OF HUMBOLDT, MICHAEL DOWNEY, TIM HERSHBERGER, TERRI BITTNER, TIM HAMMER AND DAVID SWIM**<br><br>    **Defendants.** | Case No.: 15-cv-00846 YGR<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. PRO. 50(A)**<br><br>Dkt. Nos. 232 and 235 |

On August 24, 2017, defendants moved for judgment as a matter of law pursuant to Fed. R. Civ. Pro. 50(a). (Dkt No. 232.) For the reasons stated on the record on August 24, 2017, this Court tentatively denied the motion and submitted the case to the jury. *See Waters v. Young*, 100 F.3d 1437, 1440–42 (9th Cir. 1996); *Therrell v. Georgia Marble Holdings Corp.* 960 F.2d 1555, 1568 (11th Cir. 1992) (desirable to take verdict and then rule on sufficiency of evidence on a post-verdict motion); *McPhillamy v. Brown & Root, Inc.* 810 F.2d 529, 533 (5th Cir. 1987); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2533, at 586 (1971) ("Even at the close of all evidence it may be desirable to refrain from directing a verdict though it would be possible to do so. . . .").

On August 28, 2017, the jury returned a verdict in favor of plaintiffs and (i) against defendants David Swim, Terri Bittner, and Tim Hammer as to plaintiff's claim for denial of adequate medical care in violation of the due process clause of the Fourteenth Amendment; and (ii) against the County of Humboldt as to plaintiff's claim under 42 U.S.C. 1983. The jury awarded compensatory damages in the amount of $2,500,000.00 and no punitive damages. The jury also returned a verdict in favor of (i) defendant Tim Hershberger as to plaintiff's claim for

denial of adequate medical care, (ii) all defendants as to plaintiff's claim for interference with familial association under the Fourteenth Amendment, and (iii) Sheriff Michael Downey as to the Section 1983 claim.[1] Having considered the evidence offered at trial, and the arguments presented in defendants' motion, the Court **DENIES** defendants' motion for judgment as a matter of law.[2]

## I. LEGAL STANDARD

Pursuant to Fed. R. Civ. Pro. 50(a):

> **(1) *In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> **(A)** resolve the issue against the party; and
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50(a) motion, the court must "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 881 (9th Cir. 2003). "Judgment as a matter of law is proper when the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." *Id.* Further, judgment as a matter of law is appropriate only when the nonmoving party "has been *fully* heard." *Velez v. City of New York* 730 F.3d 128, 134 (2nd Cir. 2013) (quoting Fed. R. Civ. Pro. 50(a)(1)) (emphasis supplied). The Ninth Circuit has held that a "party who has been called on to respond to a Rule 50(a) motion must have a meaningful opportunity to reply[3] and must not be sandbagged by a decision on grounds not properly noticed." *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 927 (9th Cir. 2007).

---

[1] In light of the jury's verdict in favor of (i) Mr. Hershberger on the medical care claim, (ii) all defendants on plaintiff's familial association claim, and (iii) Mr. Downey on the Section 1983 claim, defendants' motion is **DENIED AS MOOT** with regard to these claims.

[2] Defendants also filed a motion for judgment as a matter of law regarding punitive damages on August 26, 2017. (Dkt. No. 235.) That motion is **DENIED AS MOOT** in light of the jury's decision not to award punitive damages in this case.

[3] The Court notes that plaintiff waived her reply to defendants' Rule 50(a) motion as stated on the record on August 28, 2017.

2

## II. DISCUSSION

Defendants argue that plaintiff failed to proffer evidence upon which a reasonable jury could find that defendants Swim, Bittner, or Hammer was deliberately indifferent to a known medical need of Daren Borges in violation of the Fourteenth Amendment.[4] Defendants further argue that there exists insufficient evidence to support a Section 1983 claim against the County of Humboldt. The Court addresses each argument.

### 1. Defendants Swim, Bittner and Hammer

Viewing the "evidence in the light most favorable to the [plaintiff] . . . and draw[ing] all reasonable inferences in [plaintiff's] favor," the Court finds that there exists sufficient evidence in the record to support the jury's verdict against defendants Swim, Bittner, and Hammer. *See Ostad*, 327 F.3d at 881. Contrary to defendants' position, substantial evidence supports the jury's findings. First, video footage admitted into evidence depicting the correctional facility screening area and sobering cell in which Daren Borges expired supports the jury's finding that a reasonable officer in the circumstances would have "appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious." *See Castro,* 833 F.3d 1060, 1071 (9th Cir. 2016). Second, the testimony of Officer Michael Stelzig describing the current state of Mr. Borges as corroborated on video and the continued deterioration of this condition further supports the jury's finding. Third, the failure of the defendant officers to testify in an honest and forthright manner entitled the jury to discount the defendant officers' version of the facts entirely. At minimum, this is plainly not a situation where "the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." *Ostad*, 327 F.3d at 881. Therefore judgment as a matter of law is not appropriate. *Id*.

### 2. County of Humboldt

Similarly, there exists sufficient evidence to support the jury's verdict against the County. First, several defendants and third-parties testified that the County's medical screening policy was

---

[4] Defendants argue that the appropriate lens through which to view plaintiff's claim for denial of adequate medical care is under a subjective deliberate indifference test. Defendant does not persuade for the reasons stated in Pretrial Order No. 4. (Dkt. No. 210.)

more akin to a guideline, and that officers were not required to adhere to its specifics. Therefore, a factual issue exists as to whether the mere existence of a nominal policy insulates the County from liability here.

Second, a longstanding custom or practice is only one of two theories which could give rise to liability for the County, with the failure to train being the other. The Court finds that plaintiff introduced sufficient evidence to support the jury's verdict on her Section 1983 claim based on a failure to train, primarily that defendant Swim had not been trained on either the County policy or with "on the job" training as corroborated by the video evidence. Whether the County sufficiently trained defendants Swim, Bittner, and/or Hammer on the purported policy was a proper jury issue and the jury's finding on this issue was reasonable.

### III. DISCUSSION

For the reasons discussed above, defendants' motion for judgment as a matter of law is **DENIED** as to the verdicts against them. Defendants' motion for judgment as a matter of law regarding punitive damages is **DENIED AS MOOT**.

Accordingly, where "the court does not grant a motion for judgment as a matter of law . . . . [n]o later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law." Fed. R. Civ. Pro. 50(b). Said motion shall be briefed on a normal 35-day motion schedule unless otherwise ordered by this Court.

This terminates Dkt. Nos. 232 and 235.

**IT IS SO ORDERED.**

Dated: August 30, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**