**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STEPHANY BORGES,** <br>     **Plaintiff,** <br>     v. <br> **COUNTY OF HUMBOLDT, MICHAEL DOWNEY, TIM HERSHBERGER, TERRI BITTNER, TIM HAMMER AND DAVID SWIM** <br>     **Defendants.** | Case No.: 15-cv-00846 YGR <br><br> **ORDER DENYING DEFENDANTS' MOTION TO OFFSET DAMAGE AWARD BY SETTLEMENT PAID ON BEHALF OF CFMG, ROBERT EURY AND ANN HAMPTON** <br><br> Re: Dkt. No. 252 |

Now before the Court is defendants' motion to offset damage award by settlement paid on behalf of CFMG, Robert Eury, and Ann Hampton. (Dkt. No. 252.) Having carefully considered the pleadings and the papers submitted on this motion, the trial evidence, and the prior filings in this matter, and for the reasons set forth below, defendants' motion is **DENIED**.

**I.  RELEVANT FACTUAL BACKGROUND**

Plaintiff Stephany Borges is the mother of decedent Daren Borges, who died after being in a state of acute methamphetamine intoxication while detained in a sobering cell of the Humboldt County Correctional Facility on June 13, 2014. Plaintiff filed her operative First Amended Complaint on August 12, 2012. (Dkt. No. 25.) On March 16, 2016, plaintiff and defendants California Forensics Medical Group, Robert Eury, and Ann Hampton (collectively the "CFMG defendants") agreed to resolve plaintiff's remaining claims against the CFMG defendants for $250,000.[1] (Dkt. Nos. 65, 127, 128.)

---

[1] Plaintiff initially asserted eight claims against the CFMG defendants, and seven remained as of the date of settlement, namely (i) unreasonable search and seizure - denial of medical care under 42 U.S.C. 1983; (ii) due process - denial of medical care under 42 U.S.C. 1983; (iii) due process - interference with familial relationship under 42 U.S.C. 1983; (iv) failure to provide reasonable accommodations under 42 U.S.C. 12132 and 29 U.S.C. 794; (v) negligence; (vi) professional negligence – medical malpractice; and (vii) breach of contract.

Following a jury trial against defendants Michael Downey, Tim Hershberger, Terri Bittner, Tim Hammer, David Swim, and the County of Humboldt (collectively the "County defendants"), the jury found in plaintiff's favor on three claims, namely (i) denial of the right to adequate medical care in violation of the Due Process Clause of the Fourteenth Amendment, (ii) denial of the right to have medical care summoned in violation of California Government Code Section 845.6 as against defendants Bittner, Hammer and Swim; and (iii) *Monell* liability against the County of Humboldt under 42 U.S.C. 1983 based on either (a) an official policy, practice, or custom, or (b) failure to train its employees. (Dkt. No. 240.) The jury awarded plaintiff $2.5 million in compensatory damages and no punitive damages. (Dkt. Nos. 240, 242.)

## II. LEGAL STANDARD

"Courts have held that a settlement may be credited against a non-settling defendant's liability where the settlement and damage award cover common damages." *Davis v. Prison Health Servs.*, 2012 WL 4462520, at *3 (N.D. Cal. 2012) (citing *Miller v. Apartments and Homes of New Jersey, Inc.,* 646 F.2d 101 (3d. Cir. 1981)). "Set-off is an affirmative defense under Fed. R. Civ. P. 8(c)." *See First Nat. Ins. Co. v. GEO Grout, Inc.*, 2010 WL 4722496, at *4 (N.D. Cal. 2010); *Hunter v. Ohio Indem. Co.*, 2008 WL 728893, at *6 (N.D. Cal. 2008); *Airport Mgmt. Servs., LLC v. RLW, Inc.*, 2010 WL 5172910, at *2 (D. Nev. 2010) (noting that "the doctrine of offset is an affirmative defense"). "Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived." *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005).

"A defendant seeking an offset against a money judgment has the burden of proving the offset." *C.B. v. City of Sonora*, 769 F.3d 1005, 1032 (9th Cir. 2014) (*en banc*) (citing *Conrad v. Ball Corp.*, 24 Cal. App. 4th 439 (1994)); *see also Davis*, 2012 WL 4462520, at *3; *Velez v. Roche,* 335 F. Supp. 2d 1022, 1042 (N.D. Cal. 2004) (noting that defendants bear the burden of proving set-off in a Section 1983 case). A nonsettling defendant is only entitled to an offset if two conditions are satisfied. "First, the nonsettling defendant must demonstrate that the settlement and award (against which the offset is sought) were for the same injury." *Velez,* 335 F. Supp. 2d at 1042 (citing *Getty Petroleum Corp. v. Island Transp. Corp.,* 862 F.2d 10, 15 (2d Cir. 1988); *see*

2

*also Banks Ex Rel. Banks v. Yokemick,* 177 F.Supp.2d 239, 264 (S.D.N.Y. 2001) (stating that "the settlement must be predicated on the tortfeasors' liability for damages attributable to the same injury"). "Second, the injury must be indivisible such that there is joint and several liability among the settling and nonsettling defendants." *Id.* (*citing Goad v. Macon County,* 730 F.Supp. 1425, 1426 (M.D. Tenn. 1989) ("[I]f the claims against the settling defendants were separate and distinct claims from the trial defendants, the losing trial defendants cannot call for a set-off . . . ."); *see also Hoffman v. McNamara,* 688 F.Supp. 830, 831 (D. Conn. 1988) (no offset where plaintiff's injuries are divisible among several defendants).

## III. DISCUSSION

Plaintiff argues that County defendants cannot satisfy the two-prong test set forth above. However, she also contends that defendants failed to assert offset as an affirmative defense in their answer and therefore the defense is waived. The Court addresses each.[2]

### A. Waiver of Affirmative Defense

As an initial matter, and as noted, the County defendants failed to assert offset as an affirmative defense in their answer filed on September 1, 2015. (Dkt. No. 30.) They similarly failed to assert this defense by seeking to amend or supplement their answer to include the defense after plaintiff settled with the CFMG defendants on March 16, 2016. The defense was not raised until the eve of trial over one year later, and then only in County defendants' pretrial conference statement. (Dkt. No. 129 at 3-4.)

---

[2] Plaintiff further argues that defendants' motion fails because under California law defendant is not entitled to an offset of noneconomic damages and only noneconomic damages were awarded in this case. *City of Sonora*, 769 F.3d at 1031-32 (citing *Greathouse v. Amcord, Inc.*, 35 Cal. App. 4th 831 (1995)); *see also In re Piper Aircraft*, 792 F. Supp. 1189, 1193 (N.D. Cal. 1992). Plaintiff concedes that "it is unclear whether federal or state law governs Defendants' entitled to a set-off of damages awarded under Plaintiff's § 1983 claim," but argues that plaintiff's state claim is governed by state law. (Dkt. No. 253 at 3.) Plaintiff does not persuade. In *City of Sonora*, the Ninth Circuit specifically noted that it was "not clear that California law, as opposed to federal law, governs Defendants' settlement offset claim in a case such as this one, which involves both federal and state law claims." *City of Sonora*, 769 F.3d at n.25. There, the Ninth Circuit declined to address this issue because defendants "would not be entitled to an offset" for an independent reason, namely that they failed to carry their "burden of proving the offset." *Id*. In light of this Court's order denying defendants' motion for offset on the ground that defendants failed to carry their burden, the Court similarly declines to address whether California or federal law governs defendants' entitlement to an offset.

3

County defendants offer no explanation for the untimeliness. Rather, defendants argue that the affirmative defense of offset was not waived because "[t]he key to determining the sufficiency of an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also* Charles Alan Wright and Arthur R. Miller, 5 Federal Practice and Procedure § 1274, at 455–56 (1990). As referenced above, defendants waited until the eve of trial to raise the offset defense. As such, sufficient notice was not provided.[3] Had plaintiff received timely notice that defendants intended to assert offset, plaintiff may have declined to settle with CFMG, settled with CFMG on only a subset of her claims, or pursued a different litigation strategy. These each constitute prejudicial consequences due to defendants' failure to plead the defense.

Accordingly, the defense is "deemed waived." *See Morrison*, 399 F.3d at 1046.[4]

### B. First Prong: Same Injury

Notwithstanding the foregoing, the Court analyzes the issue under the two-pronged test. With respect to the first prong, County defendants have not shown that the settlement and jury award were for the same injury. *See Velez,* 335 F. Supp. 2d at 1042. County defendants argue that "the injuries and damages asserted by plaintiff . . . against CFMG and the [County] defendants were identical, i.e., decedent's loss of life damages and plaintiff's wrongful death damages."

---

[3] Defendants rely on several out-of-Circuit cases in arguing that an affirmative defense is not waived absent prejudice. *See Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993); *Lucas,* 807 F.2d at 417–18 (5th Cir. 1986). Here, the Court finds prejudice. In any event, defendants also recognize the Ninth Circuit's holding in *Simmons* that "absent prejudice to a [party], the district court *has discretion* to allow a defendant to plead an affirmative defense in a subsequent motion." *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1023 (9th Cir. 2010) (emphasis supplied). Consistent with such discretion, this Court declines to allow defendants to plead offset on the eve of trial, two years after defendants answered the operative complaint, and one year after receiving notice of the CFMG settlement.

[4] Defendants cite this Court's order in *F.D.I.C. v. Hsing*, 2012 WL 3283425, at *3 (N.D. Cal. 2012), in arguing that their assertion of offset as an affirmative defense was timely because defendants asserted the affirmative defense of comparative fault and "[o]ffset is simply a sub-set of the defense of comparative fault." (Dkt. No. 254 at 1.) However, *Hsing* does not stand for such a broad proposition. In *Hsing*, this Court noted that offset and comparative fault are "similar" theories, *Hsing*, 2012 WL 3283425, at *3, the latter of which was pled, unlike the situation here.

4

Defendants do not persuade. At the time of the CFMG settlement, plaintiff had seven remaining claims against the CFMG defendants. At trial plaintiff prevailed against the County defendants on three claims, only one of which was also asserted against the CFMG defendants, namely denial of medical care under the Fourteenth Amendment. Five of the claims covered by the CFMG settlement were not tried not part of the jury verdict, and two of the claims giving rise to the jury's award of damages were not covered by the CFMG settlement.[5] Defendants make no attempt to distinguish between the various kinds of damages under each claim. For example, the CFMG settlement covered injuries arising from CFMG's alleged violation of the Americans with Disabilities Act ("ADA") whereas the jury verdict did not include damages for such a violation. The Court thus finds that the claims covered by the jury award included potentially different injuries from those covered by the CFMG settlement.

### C. Second Prong: Indivisible Injury

Next, County defendants fail to carry their burden of showing that plaintiff's injury is "indivisible such that there is joint and several liability among the settling and nonsettling defendants." *Velez,* 335 F. Supp. 2d at 1042. Here, the "extent of [the] respective liabilities [of CFMG and County defendants] to plaintiff are not necessarily co-extensive." *See id*. at 1043. As in *Velez*, "this case differs from the situation where the role of settling defendant is indistinguishable from that of the trial defendant." *Id*. The focus of the trial here centered on the County defendants' own screening procedures and failure to conduct adequate cell checks. This conduct is separate and distinct from that of CFMG and Nurse Hampton, the latter of whom only testified for 34 minutes. Plaintiff's claims against the CFMG defendants covered distinct and separate conduct of defendants not similarly situated with the County defendants. As noted, these alleged violations of the ADA, negligence, professional negligence – medical malpractice, and breach of contract. For example, plaintiff's settlement with CFMG included negligence claims, whereas the jury verdict was based on the correctional officers' deliberate indifference or reckless

---

[5] County defendants' claim fails for the additional reason that that the jury was instructed to award damages against the County defendants at trial "for any injury you find was caused by the [County] defendants." (Dkt. No. 239 at 27.)

5

disregard of the consequence of their acts or omissions. Given the focus of the trial and the split verdict, the Court is confident that the jury's verdict reflected its assessment of the individual damage caused by each defendant to plaintiff. (Dkt. No. 239 at 27; *see also* Dkt. No. 240).

Defendants' reliance on *Davis*, a Section 1983 retaliation case in which plaintiff brought claims against Prison Health Services ("PHS"), Alameda County, and several employees of each entity, is misplaced. *Davis*, 2012 WL 4462520, at *1. There, plaintiff settled with the PHS defendants for $375,000 before trial. *Id*. at *2. At trial, plaintiff prevailed on her retaliation claim against defendants Captain Ayala and Lieutenant Griffith of the Alameda County Sheriff's Department, and the jury awarded damages in the amount of $528,957. *Id*. Captain Ayala moved to obtain an offset on the judgment in the amount of the PHS settlement. *Id. The* court found that "a partial offset [was] appropriate to avoid a duplicative recovery by plaintiff" largely because the "structure of the trial, during which plaintiff called numerous PHS witnesses, was predicated on plaintiff's claim that PHS, Ayala and Griffith conspired to retaliate against her." *Id* at *4. Here, by contrast, plaintiff did not allege collusion between the CFMG and County defendants, nor does the record show a conspiracy to deprive Daren Borges of his right to adequate medical care.[6]

---

[6] Similarly, *Goad v. Macon County*, 730 F. Supp. 1425, 1430 (M.D. Tenn. 1989), does not persuade. There the Court found that defendants were entitled to an offset largely because "the role of the settling defendants was more similar to the role of certain trial defendants than the role of those same trial defendants was similar to other trial defendants." Such is not the case here, as the County defendants were all correctional officers with similar responsibilities whereas the CFMG defendants were all outside contractors which provided medical services for inmates.

In addition, defendants argue that they are entitled to an offset because under *Hazle* an injury is indivisible "when, had any one of the defendants exercised due care, none of the injuries would have occurred." *Hazle v. Crofoot*, 727 F.3d 983, 995 (9th Cir. 2013) (quoting *Rudelson v. United States*, 602 F.2d 1326, 1332 (9th Cir.1979). Defendants' argument fails. The quoted language on which defendants rely appears in a parenthetical offered to support the Court's finding that plaintiff's injuries were indivisible because "the concurrent actions of all defendants were necessary" to cause plaintiff's injury. *Id*. Here, by contrast, defendants make no showing that the conduct of the CFMG defendants was necessary to cause the injuries of Daren or Stephany Borges. *Hazle* does not control.

Finally, defendants' argument that "it was undisputed that the CFMG nurse (settling defendant Hampton) concluded that the decedent's activity in the sobering cell constituted refusal to submit to vitals" fails in light of the fact that this issue was not tried. Further, the evidence at trial indicated that Daren Borges was nonresponsive, which is different from a refusal to submit to vitals. In fact, Hampton testified that she made no attempt to attract decedent's attention or take his vital signs. Thus, how one could "refuse" remains a mystery.

## IV. CONCLUSION

For the reasons discussed above, defendants' motion for an offset of damages is **DENIED**.

This terminates Dkt. No. 252.

**IT IS SO ORDERED.**

Dated: October 12, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**